Submitted on record and briefs January 14, affirmed May 25, 1994

In the Matter of the Marriage of

## Judith E. KELLEY,
*Petitioner,*
*and*

## Phil M. KELLEY,
*Respondent.*

## STATE OF OREGON ex rel
## Judith KELLEY,
*Respondent,*

*v.*

## Phil KELLEY,
*Appellant.*

(D7803-03816; CA A77514)

874 P2d 1364

Charles J. Wiseman filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Harrison Latto, Assistant Attorney General, Salem, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Father appeals from a judgment finding him in contempt for violating a court order requiring him to pay child support of $500 per month. He does not contest these trial court findings:

"[Father] has failed to pay child support in the month in which it was due on at least 50 occasions, and has commonly and repeatedly allowed arrearages to accumulate for two, three and more months; this pattern of repeated and frequent failure to pay child support in the month in which it is due has continued through and after 1986, including at least two months of 1992."

The court also found that father has frequently been threatened with contempt proceedings and has avoided them by making payments in the amount of the arrearages.

■ Father first assigns error to the court's denial of his motion to quash the amended order to show cause, which he claims suffers from several procedural deficiencies. After a thorough review of the record, we conclude that the deficiencies, if any, were not prejudicial and do not require reversal.

■ Next, father challenges a sanction provision that is contained in the judgment of contempt. Under the provision, father is to pay $400 to mother, through the Department of Human Resources, for each month in which father fails to make his child support payment by the last day of the month in which it is due. The judgment provides that the sanction, which was to encourage father's future compliance with his obligation to pay child support,[1] "shall be forgiven and expunged, and therefore shall not be due," for every month in which father makes his support payments by the end of the month.

Father had satisfied his support arrearage at the time of trial and, at the time of the court's judgment, he had no current obligation, because his next payment was not due until two days later. He contends that the $400 sanction is punitive, because it is based on his past conduct.

---

[1] The trial court found that "[al]though [father] professed a resolution to meet all future child support obligations in a timely manner, he had no plan or design by which to do so, and would not do so but for the remedial sanctions * * *."

ORS 33.015 provides, in part:

"(3) 'Punitive sanction' means a sanction imposed to punish a past contempt of court.

"(4) 'Remedial sanction' means a sanction imposed to terminate a continuing contempt of court or to compensate for injury, damage or costs resulting from a past or continuing contempt of court."

ORS 33.045 provides, in part:

"(3) A fine may be remedial or punitive. A fine is:

"(a) Punitive if it is for a past contempt.

"(b) Remedial if it is for continuing contempt and the fine accumulates until the defendant complies with the court's judgment or order or if the fine may be partially or entirely forgiven when the defendant complies with the court's judgment or order.

"(4) Any sanction requiring payment of amounts to one of the parties to a proceeding is remedial."

According to the terms of ORS 33.045(3) and (4), the sanction that the court imposed was remedial. It requires the payment of money to one of the parties. Additionally, the obligation is expunged when defendant makes timely payment of support.

Our holding that the sanction is remedial is in accord with the United States Supreme Court's opinion in *Hicks v. Feiock*, 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988). That case, too, involved a failure to pay child support. As a sanction for past contempt, the trial court sentenced the delinquent father to jail for 25 days, but suspended the sentence and placed him on probation for three years, on the condition that he make his child support payments in the future and also pay an additional monthly amount to satisfy an arrearage. The Court reasoned that the sanction was civil[2] in nature:

"An unconditional penalty is criminal in nature because it is solely and exclusively punitive in character. A conditional penalty, by contrast, is civil because it is specifically designed to compel the doing of some act. One who is fined, unless by a certain day he does the act ordered, has it in his

---

[2] The "civil/criminal" dichotomy in the context of contempt has been replaced with the "remedial/penal" terminology that is used under the present statutes.

power to avoid any penalty. And those who are imprisoned until they obey the order carry the keys of their prison in their own pockets." 485 US at 633.

The Court said that the character of a sanction is "ascertainable by applying a few straightforward rules." With regard to fines, a sanction is remedial "when it is paid to the complainant," or "when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order." 485 US at 632. ORS 33.045 is a codification of those rules, and it requires the conclusion that the sanction imposed here was remedial.

■ The remaining question is whether the court had authority to impose a remedial sanction to coerce father's future performance. ORS 33.015 permits the imposition of a remedial sanction "to terminate a continuing contempt." The trial court found that father's contempt was continuous. Over a period of years, father had repeatedly violated his monthly obligation to pay child support. The court further found that the contempt would be repeated in the future if the sanction were not imposed. Although at the time the judgment was entered father was not delinquent in his support obligation, in the light of the ongoing battle to compel his compliance with the terms of his support obligation, together with his repeated violations of the support order and the likelihood that he will continue to violate it, the contempt is properly characterized as "continuing," and a remedial sanction to encourage father's future compliance is justified. *See Hicks v. Feiock, supra,* 485 US at 638.

We reject without discussion father's contention that the child support order, which requires him to pay "the sum of $500 per month," does not require that that sum be paid each month.

Affirmed.